IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFERY WILSON and | ) | |
| BARRY WILLSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.  3:22-cv-90-ECM-CWB |
| | ) | |
| CLEVELAND BROTHERS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Jeffery Wilson and Barry Wilson ("Plaintiffs") commenced this action, *pro se*, on February 22, 2022.  (Doc. 1).  Pursuant to 28 U.S.C. § 636, Chief United States District Judge Emily C. Marks referred the action to the Magistrate Judge for "all pretrial proceedings and entry of any orders or recommendations as may be appropriate."  (Doc. 3).  Having considered the Motion to Dismiss filed by Cleveland Brothers, Inc. (Doc. 8), the undersigned Magistrate Judge now recommends that the action be dismissed in its entirety.

I.     **Factual and Procedural Background**

This action arises from a dispute over approximately 40.70 acres of real property located in Lee County, Alabama originally owned by Ben Woodson—Plaintiffs' great-grandfather. (Doc. 1 at p. 2; Doc. 9-1 at pp. 13-14; Doc. 9-3 at p. 10).[1]  Ben Woodson died intestate in 1937 and was survived by his wife and eight of his children.  (Doc. 9-1 at p. 14; Doc. 9-3 at p. 10).  He was predeceased by four other children, all of whom left surviving heirs.  (Doc. 9-1 at pp. 14-16; Doc. 9-3 at pp. 10-19).

---

[1]     Page references are to the electronic numbering affixed by the CM/ECF filing system.

The dispute now before the court traces its origins to a 1962 deed whereby numerous heirs purportedly conveyed their interests in the subject property to Ben Woodson's youngest child, Doc Sylvester Woodson.  (Doc. 1 at p. 2; Doc. 9-1 at pp. 17-18; Doc. 9-3 at p. 19-20).  Among the signatories to the 1962 deed was Plaintiffs' grandfather, Miller Woodson.  (*Id*.).

At some point thereafter, Cleveland Brothers, Inc. purchased a 15.6944% interest in the property from two heirs of Doc Sylvester Woodson.  (Doc. 9-1 at p. 18).  On April 21, 2006, Cleveland Brothers, Inc. initiated proceedings in the Circuit Court of Lee County, Alabama to quiet title to the property and to have the property equitably divided.  (Doc. 9-1).  Because Plaintiffs' grandfather had executed the 1962 deed, Plaintiffs were not named as defendants in the initial filing as persons holding an ownership interest in the property; however, they intervened along with numerous other heirs and participated through conclusion.  (Doc. 9-3; Doc. 12-3).

The state trial court ultimately held that even if the intervening parties were entitled to "bring an action for reformation of the deed" they had failed to meet their burden of presenting evidence that "was clear, convincing, and showed actual evidence that mistake or fraud occurred." (Doc. 12-3 at p. 2).  The state trial court thus upheld the 1962 deed as valid.  (*Id*. at pp. 2-3). Plaintiffs then timely appealed the state court judgment to the Alabama Court of Civil Appeals. (Doc. 9-5).  Appellate proceedings were dismissed, however, due to Plaintiffs' failure to file a brief as required by the Alabama Rules of Appellate Procedure.  (Doc. 9-9).

Undeterred, Plaintiffs initiated new proceedings in the United States District Court for the Northern District of Georgia on August 7, 2020.  (Doc. 9-10).  In their federal filing, Plaintiffs acknowledged the prior trial and appellate proceedings in Alabama state court.  (*Id*. at p. 1). Plaintiffs further were clear that they were asking the federal court to reform the 1962 deed just as they had requested in Alabama state court.  (*Id*. at p. 4).  On July 26, 2021, the Magistrate Judge

issued a Final Report and Recommendation that the federal proceedings be dismissed for lack of personal jurisdiction.  (Doc. 12-6).  That recommendation was adopted, and the District Court dismissed the case without prejudice on August 23, 2021.  (Doc. 9-13).

Plaintiffs next sought another bite at the proverbial apple vis-a-vis their February 22, 2022 Complaint in this court.  (Doc. 1).  Except for slightly different prefatory sentences, the Complaint filed in this court mirrored that filed in the Northern District of Georgia.  (Compare Doc. 1 to Doc. 9-10).  The Complaint likewise contained identical averments to Plaintiffs' March 22, 2020 submission to the Alabama Court of Civil Appeals.  (Compare Doc. 1 to Doc. 9-5).  In short, Plaintiffs are continuing to assert that Doc Sylvester Woodson failed to compensate their grandfather or his siblings for the property conveyed in the 1962 deed and that they are entitled to have the deed reformed pursuant to Ala. Code § 35-4-153 on the basis of fraud of mistake. (Doc. 1 at p. 2).

Cleveland Brothers, Inc. filed a Motion to Dismiss raising several grounds for dismissal: lack of subject matter jurisdiction; failure to state a claim upon which relief can be granted; and untimeliness.  (Doc. 8).  Plaintiffs in turn submitted an opposition in response (Doc. 12), and Cleveland Brothers, Inc. submitted a final reply.  (Doc. 13).  Upon review, the undersigned finds that the dispositive issue has been fully briefed and is ripe for determination.

## II.    Legal Standard

Federal courts are courts of limited subject matter jurisdiction, and the party invoking a federal court's jurisdiction bears the burden of proving it exists.  *See, e.g., McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).  "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Attacks on subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) come in two forms: facial and factual. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). "Facial attacks" require the court to review the complaint and determine whether the allegations therein, which must be accepted as true, adequately establish subject matter jurisdiction. *Id.* at 1529. "Factual attacks" challenge the existence of subject matter jurisdiction in fact, and the court is permitted to look beyond the pleadings and weigh evidence to determine whether it has subject matter jurisdiction. *Id.*[2]

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *See Resmick v. AvMed, Inc.*, 693 F.3d 1317, 1321-22 (11th Cir. 2012). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nonetheless, "[d]ismissal under Rule 12(b)(6) on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-barred." *Berman v. Blount Parrish & Co., Inc.*, 523 F.Supp. 2d 1298, 1300 (M.D. Ala. 2007).[3]

---

[2]   It is proper to judicially notice certain types of facts when considering an attack on subject matter jurisdiction under Rule 12(b)(1). *See Mizell v. City of Ozark*, Case No. 1:21-cv-110, 2022 WL 822353, *3 (M.D. Ala. Jan. 31, 2022). As pertinent here, the court may take judicial notice of orders and other documents filed in the state court proceedings. *Id.* (citing *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994)).

[3]   With respect to pleading requirements, the court is mindful that "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III.     Discussion

Cleveland Brothers, Inc. first contends that this action is barred by the *Rooker-Feldman* doctrine as derived from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  The doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  Stated differently, the doctrine precludes federal district courts from exercising *de facto* appellate jurisdiction over state-court judgments.  *See Lance v. Dennis*, 546 U.S. 459, 463 (2006); *see also Casale v. Tillman*, 558 F3d 1258, 1260 (11th Cir. 2009) (per curiam).

The *Rooker–Feldman* doctrine applies when a claim is presented in federal court that either (1) was "actually adjudicated by a state court" or (2) is "inextricably intertwined" with a state court judgment.  *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1286 (11th Cir. 2018). A claim is "inextricably intertwined" with a state court judgment if (1) "the success of the federal claim would effectively nullify the state court judgment" or (2) "the federal claim would succeed only to the extent that the state court wrongly decided the issues." *Alvarez v. Att'y Gen. for the State of Fla.*, 679 F.3d 1257, 1262–63 (11th Cir. 2012) (cleaned up). The net effect of *Rooker-Feldman* is to divest federal district courts of subject matter jurisdiction over claims that an asserting party had reasonable opportunity to present in state court.  *See Target*, 881 F.3d at 1284; *Casale*, 558 F.3d at 1260; *Nicholson v. Shafe*, 558 F.3d 1266, 1275 (11th Cir. 2009).

The pleadings and annexed evidentiary materials firmly establish the application of *Rooker-Feldman* in this case.  Indeed, the sole purpose of the state court action was to resolve ownership of the subject real property.  (Doc. 9-1).  Plaintiffs answered the allegations in

state court by asserting that the 1962 deed "fails for lack of consideration," was "procured through fraud and/or duress," and was "due to be reformed." (Doc. 9-3 at pp. 9-10). Plaintiffs also raised the same issues by counterclaim (*Id*. at p. 19) and requested that the 1962 deed "be set aside" (*Id*. at pp. 27-28). However, Plaintiffs lost that argument at trial in state court. (Doc. 12-3 at p. 2: "As the intervenors did not produce sufficient evidence to meet a claim for reformation of the deed, the Court hereby finds in favor of the Plaintiffs Cleveland Brothers, Inc."). Plaintiffs had the right to appeal in state court, did so appeal, and again failed. (Doc. 9-9).

This action is nothing more than an attempt to keep the same argument alive in a federal forum. The Complaint recites the state court trial and appellate history as background, and Plaintiffs assert allegations identical to those raised in the state court proceedings, *i.e.*, Plaintiffs' grandfather was never compensated for his inherited share of the subject property and the 1962 deed therefore should be reformed pursuant to Ala. Code § 35-4-153. (Doc. 1). Plaintiffs even candidly acknowledge that this action seeks federal review of the same issue decided in state court. (Doc. 12 at p. 3: "Plaintiffs filed this action seeking reformation of a 1962 deed based on fraud and/or mistake"; *see also* Doc. 9-11 at p. 3: acknowledging that the Georgia federal action was "substantially the same case" as the Alabama state court action). Such conduct is precisely the type that the *Rooker-Feldman* doctrine arose to prohibit. *See Tarver v. Reynolds*, No. 2:18-cv-1034, 2019 WL 3889721, at *8 (M.D. Ala. Aug. 16, 2019) ("Once state court litigation ends, a plaintiff cannot attack a state court judgment in federal court with arguments that he or she had a reasonable opportunity to raise in state court.") (citing *Casale*, 558 F.3d at 1260); *Nicholson*, 558 F.3d at 1275; *see also Target*, 881 F.3d at 1281 ("The doctrine is designed to ensure that the inferior federal courts do not impermissibly review decisions of the state courts—a role reserved to the United States Supreme Court.").

Apparently appreciating the formidable hurdle posed by *Rooker-Feldman*,[4] Plaintiffs contend that the court should grant an exception to the doctrine due to so-called "extrinsic fraud." (Doc. 12 at pp. 8-10).  Although Plaintiffs correctly cite to decisions from other circuits where such an exception has been permitted (*id.*), Plaintiffs fail to recognize that the Eleventh Circuit has recently rejected a similar invitation to adopt the extrinsic fraud exception.  *Ferrier v. Casade Falls Condominium Assoc., Inc.,* 820 F.App'x 911 (11th Cir. 2020).  Not only that, it is clear from the pleadings that Plaintiffs are not alleging any type of extrinsic fraud but instead are merely dissatisfied that the state trial court found insufficient evidence of underlying fraud to support their claim for reformation.  (Doc. 12 at p. 9: "In this case, the state court erred in not finding extrinsic fraud based on the direct testimony of the executor of the estate.").

Having concluded that subject matter jurisdiction is lacking, the court will pretermit any discussion of the other arguments for dismissal raised by Cleveland Brothers, Inc.

## IV.   Conclusion

Based upon the foregoing, the undersigned Magistrate Judge hereby RECOMMENDS that the Motion to Dismiss (Doc. 8) filed by Cleveland Brothers, Inc. be GRANTED for lack of subject matter jurisdiction and that this action be dismissed without prejudice in its entirety.  *See Chinweze v. Bank of Am., N.A.*, 782 F.App'x 972, 977 (11th Cir. 2019).

---

[4] It is worth again noting that Plaintiffs themselves readily admit that they "lost the Alabama civil action, appealed the Alabama Civil action, and lost on a technicality based on an untimely filing." (Doc. 12 at p. 4).  To the extent Plaintiffs attempt to differentiate the instant action as being based upon "the Heir's Provision of the 2018 Farm Bill Act," the court notes that such legislation does not bestow any new private right of action that would render *Rooker-Feldman* inapplicable. Plaintiffs have brought the same claim in this court that they previously lost in state court, which they simply cannot do.  *Symonette v. Aurora Loan Servs., LLC*, 631 F.App'x 776, 778 (11th Cir. 2015) ("Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to review a state court's final judgment.") (citing *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1072 (11th Cir. 2013)).

It is further ORDERED that, by October 18, 2022, the parties may file written objections to this Recommendation.  An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection.  Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 4th day of October 2022.

**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**